**IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF GEORGIA MACON DIVISION**

| | | |
|---|---|---|
| **MICHELLE PEARSON TUCKER, individually and as administrator of the ESTATE OF CLINTON VONDELL JACKSON,** | : | |
| | : | **CIVIL ACTION No. 5:24-CV-215 (CAR)** |
| **Plaintiff,** | : | |
| **v.** | : | |
| **WELLPATH, LLC; AHMED HOLT; *et al.*,** | : | |
| **Defendants.** | : | |

**ORDER GRANTING NONPARTY GDC'S MOTION TO SEAL**

Before the Court is Non-party Georgia Department of Corrections' ("GDC") Motion Seeking Court Order Directing Plaintiff to File Under Seal Five Former GDC Inmate Mortality Reviews. Plaintiff does not oppose the Motion. For good cause shown, the Court **GRANTS** the Motion to Seal [Doc. 122].

It is well-settled in the Eleventh Circuit that "[t]he operations of the courts and the judicial conduct of judges are matters of utmost public concern," and the integrity of the judiciary is maintained by the public's right of access to court proceedings.[1] "Once a matter is brought before a court for resolution, it is no longer solely the parties' case, but

[1] *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007) (citation omitted).

also the public's case."[2] Accordingly, "there is a presumptive right of public access to pretrial motions of a nondiscovery nature, whether preliminary or dispositive, and the material filed in connection therewith."[3] However, "[t]he common law right of access may be overcome by a showing of good cause, which requires balancing the asserted right of access against the other party's interest in keeping the information confidential."[4] In that regard, "[a] party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information."[5]

Here, the Court finds the GDC's interest in protecting the confidential information related to five former GDC inmate mortality reviews overcomes the presumption in favor of public access, and good cause exists to grant the Motion.

Accordingly, the Court **GRANTS** the Motion to Seal [Doc. 122]. Plaintiff is **ORDERED** to submit Review No. 1 bearing GDC Bates stamp range 012498-012506, Review No. 2 bearing GDC Bates stamp range 012522-012528, Review No. 3 bearing GDC Bates stamp range 012553-012561, Review No. 4 bearing Bates stamp range 012562-012569, and Review No. 5 bearing GDC Bates stamp range 012584-012596 to the Clerk's office for filing under seal within three (3) days of the date of this Order. Upon receipt, the Clerk is **DIRECTED** to file these five Mortality Peer Reviews under seal.

---

[2] *Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992).

[3] *Romero*, 480 F.3d at 1246 (internal quotation omitted).

[4] *Id.*

[5] *Id.*

**SO ORDERED,** this 20th day of August, 2026.

s/ C. Ashley Royal
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT