**IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF GEORGIA MACON DIVISION**

| | | |
|---|---|---|
| **MICHELLE PEARSON TUCKER, individually and as administrator of the ESTATE OF CLINTON VONDELL JACKSON,** | : | **CIVIL ACTION No. 5:24-CV-215 (CAR)** |
| **Plaintiff,** | : | |
| **v.** | : | |
| **WELLPATH, LLC; AHMED HOLT; *et al.*,** | : | |
| **Defendants.** | : | |

**ORDER GRANTING CONSENT MOTION TO SEAL**

Before the Court is Plaintiff's Consent Motion to Seal certain personal information contained in exhibits filed in response to Defendants' motion for summary judgment. The individual Georgia Department of Corrections ("GDC") Defendants and non-party GDC consent to Plaintiff's Motion. For good cause shown, the Court **GRANTS** Plaintiff's Consent Motion to Seal [Doc. 128].

It is well-settled in the Eleventh Circuit that "[t]he operations of the courts and the judicial conduct of judges are matters of utmost public concern," and the integrity of the judiciary is maintained by the public's right of access to court proceedings.[1] "Once a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's

[1] *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007) (citation omitted).

case."[2] Accordingly, "there is a presumptive right of public access to pretrial motions of a nondiscovery nature, whether preliminary or dispositive, and the material filed in connection therewith."[3] However, "[t]he common law right of access may be overcome by a showing of good cause, which requires balancing the asserted right of access against the other party's interest in keeping the information confidential."[4] In that regard, "[a] party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information."[5]

Here, the Court finds the non-essential personal information contained in the exhibits overcomes the presumption in favor of public access, and good cause exists to grant the Motion.

Accordingly, the Court **GRANTS** Plaintiff's Consent Motion to Seal [Doc. 128]. Plaintiff's Exhibits 1 [Doc. 119-1]; 11 [Doc. 119-11]; 16 [Doc. 119-16]; 25 [Doc. 119-25]; 27 [Doc. 119-27]; 36 [Doc. 119-36]; 40 [Doc. 119-40]; 45 [Doc. 120-5]; 74 [Doc. 120-34]; 76 [Doc. 120-36]; and 77 [Doc. 120-37] are **ORDERED TO BE SEALED**. Plaintiff is **ORDERED** to file the redacted versions of these exhibits on the docket.

**SO ORDERED,** this 24th day of August, 2026.

s/ C. Ashley Royal
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT

[2] *Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992).

[3] *Romero*, 480 F.3d at 1246 (internal quotation omitted).

[4] *Id.*

[5] *Id.*